UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE MILSTEIN and<br>JOHN J. OKON,<br><br>      Plaintiffs,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS,<br>HARLEY LAPPIN, as Director of the<br>Federal Bureau of Prisons, J.M. KILLIAN,<br>as Warden, Federal Prison Camp at<br>Otisville, New York, and GLENN A.<br>FINE, as Inspector General for the<br>Department of Justice,<br><br>      Defendants. | Case No. 07-cv-7434<br><br>**NOTICE OF MOTION FOR<br>CLASS CERTIFICATION** |

    PLEASE TAKE NOTICE THAT, upon the pleadings and papers in this matter, a memorandum of law with supporting documents to be submitted on a date to be determined by this Court, Plaintiffs Moshe Milstein and John Okon hereby move this Court to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    Plaintiffs filed this class action on behalf of themselves and similarly situated federal inmates seeking declaratory and injunctive relief from Defendants' actions that deprive Plaintiffs and the proposed class of their religious freedoms and their rights to read and access information as guaranteed under the Constitution and laws of the United States.

    Under the so-called "Standardized Chapel Library Project," the Federal Bureau of Prisons ("BOP") has banned and removed all religious books and audio-visual media from its chapel libraries that do not appear on a list of pre-approved materials. This policy applies equally to all chapel libraries in the federal prison system.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a class of similarly situated individuals who are incarcerated in BOP prisons and detention centers where religious books and media were banned and removed pursuant to the Standardized Chapel Library Project (the "Class").

The Class that Plaintiffs seek to represent is defined as follows:

> All persons who are or will be incarcerated in any BOP prison or detention center and who use an institutional chapel library that is subject to the Standardized Chapel Library Project. The class period commences on the date of the implementation of the Standardized Chapel Library Project, which, upon information and belief, is no later than February 7, 2007, and extends to the date on which the BOP is enjoined from or otherwise ceases the implementation of the Standardized Chapel Library Project and returns and restores all non-extremist religious books and media that have been removed from the chapel libraries.

This action has been brought and may properly be maintained as a class action under federal law and satisfies the numerosity, commonality, typicality and adequacy requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.

The members of the Class are so numerous as to render joinder impracticable. Plaintiffs do not know the exact size of the Class because such information is in the exclusive control of Defendants. However, upon information and belief, the number of members in the Class is at least several thousand.

Common questions of law and fact exist as to all members of the Class in that the questions of the lawfulness of Defendants' removal of religious materials from the chapel libraries under Religious Freedom Restoration Act, the Administrative Procedures Act, and the First and Fifth Amendments of the Constitution of the United

States of America are common to all members of the Class. *See, e.g., Brown* v. *Kelly*, __ F.R.D. __, 2007 WL 2156400 *5-7 (S.D.N.Y. July 24, 2007) (certifying the class of persons arrested, charged or prosecuted under an unconstitutional statute when "their injuries derive from a unitary course of conduct by a single system") (citations omitted).

Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs, like all members of the Class, are inmates who use an institutional religious library that is subject to the Standardized Chapel Library Project.

Plaintiffs will fairly and adequately protect the interests of the Class because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Class. Plaintiffs have already shown their commitment to pursue this action in filing a *pro se* complaint in *Kelly* v. *Lapin*, 07-4149 (S.D.N.Y.) (LTS) (FM), and then exhausting the administrative process despite obstructionism by BOP staff.

Plaintiffs have retained the undersigned *pro bono* counsel that has substantial experience in class action and public interest litigation, and with the resources and expertise to fully prosecute this action.

Plaintiffs seek certification of the Class pursuant to Rule 23(b)(2). In the alternative, Plaintiffs seek certification pursuant to Rule 23(b)(3).

Certification is appropriate under Rule 23(b)(2) because it allows for injunctive relief when the opponent to class certification "has acted or refused to act on grounds generally applicable to the class." Rule 23(b)(2). Rule 23(b)(2) is particularly appropriate for injunctive relief in civil rights litigation. Advisory Committee Notes to the 1966 Amendments, Fed. R. Civ. Pro. 23(b)(2); *see also Inmates of Lycoming County*

*Prison* v. *Strode*, 79 F.R.D. 228, 234 (D.C. Pa. 1978) ("Rule 23(b)(2) is especially designed for civil rights cases.").

Therefore, the Plaintiffs respectfully request that the Court should enter an order certifying the proposed class.

Dated:  August 24, 2007

                                                PAUL, WEISS, RIFKIND,
                                                WHARTON & GARRISON LLP

By: _____
                                                Moses Silverman
                                                Solomon N. Klein
                                                1285 Avenue of the Americas
                                                New York, NY 10019-6064
                                                (212) 373-3000

                                                *Attorneys for Plaintiffs Moshe Milstein
                                                and John J. Okon*