# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

| | |
|---|---|
| 1285 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10019-6064<br>TELEPHONE (212) 373-3000<br>FACSIMILE (212) 757-3990<br><br>LLOYD K. GARRISON   (1946-1991)<br>RANDOLPH E. PAUL   (1946-1956)<br>SIMON H. RIFKIND   (1950-1995)<br>LOUIS S. WEISS   (1927-1950)<br>JOHN F. WHARTON   (1927-1977) | 1615 L STREET, NW<br>WASHINGTON, DC 20036-5694<br>TELEPHONE (202) 223-7300<br>FACSIMILE (202) 223-7420<br><br>FUKOKU SEIMEI BUILDING<br>2-2 UCHISAIWAICHO 2-CHOME<br>CHIYODA-KU, TOKYO 100-0011, JAPAN<br>TELEPHONE (81-3) 3597-8101<br>FACSIMILE (81-3) 3597-8120<br><br>UNIT 3601, FORTUNE PLAZA OFFICE TOWER A<br>NO. 7 DONG SANHUAN ZHONGLU<br>CHAO YANG DISTRICT<br>BEIJING 100020<br>PEOPLE'S REPUBLIC OF CHINA<br>TELEPHONE (86-10) 5828-6300<br>FACSIMILE (86-10) 6530-9070/9080<br><br>12TH FLOOR, HONG KONG CLUB BUILDING<br>3A CHATER ROAD, CENTRAL<br>HONG KONG<br>TELEPHONE (852) 2536-9933<br>FACSIMILE (852) 2536-9622<br><br>ALDER CASTLE<br>10 NOBLE STREET<br>LONDON EC2V 7JU, U.K.<br>TELEPHONE (44 20) 7367 1600<br>FACSIMILE (44 20) 7367 1650 |

WRITER'S DIRECT DIAL NUMBER

212-373-3564

WRITER'S DIRECT FACSIMILE

212-492-0564

WRITER'S DIRECT E-MAIL ADDRESS

sklein@paulweiss.com

[Attorney roster omitted]

November 21, 2007



**By Hand Delivery**

Hon. Laura T. Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007

      *Milstein v. Federal Bureau of Prisons*, 07-Civ-7434 (LTS) (FM)

Dear Judge Swain:

      We represent Plaintiffs in the above-referenced class action. The parties have agreed upon the enclosed Stipulation and [Proposed] Order of Dismissal Without Prejudice (the "Stipulation"). We respectfully request that the Court endorse the Stipulation and dismiss this action without prejudice. The parties are also available to appear before the Court to answer any questions regarding the Stipulation.

      Although no class has been certified in this case, we believe it our obligation to inform the Court of the basis for the agreement to dismiss this action. *See In re Austrian and German Bank Holocaust Litigation*, 2001 WL 228107, *3-4 (March 8, 2001 S.D.N.Y.) (finding that court approval is necessary for voluntary dismissals of pre-certification class actions to confirm that there was no collusion between the parties and that the dismissal does not prejudice the putative class members). *See also* F.R.C.P. 23(e) (parties seeking voluntary withdrawal of class action must file a statement identifying any agreements between the parties).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Laura T. Swain                                                                                                    2

First, as averred in the Stipulation, there are no formal or informal agreements between the parties other than the Stipulation itself.

Second, the litigation has largely succeeded in accomplishing its goals. As we set forth in the Class Action Complaint filed on August 21, 2007, Defendant Federal Bureau of Prisons ("BOP") had implemented the Standardized Chapel Library Project (the "SCLP" ), which involved the removal of many religious materials that did not appear on a pre-approved list of religious resources. This resulted in the unavailability of certain library religious books and media that were relied upon by the inmates at BOP facilities.

After the filing of this class action, on September 26, 2007, the BOP announced that they will return the removed materials to the shelves and that the SCLP will not be implemented as planned. The BOP has provided us with documentation whereby the BOP Central Office directed all BOP institutions to return the books. The BOP also affirms in the Stipulation that it has received confirmation of compliance from the individual institutions. We also have received independent reports from the Otisville Prison Camp and other facilities that the removed religious materials were in fact returned to the shelves.[1]

We understand that the BOP is currently undergoing an inventory and screening of the materials in chapel libraries at BOP institutions, and, sometime in 2008, expects to remove *specific* materials that it finds inappropriate for circulation in its correctional institutions, but has no plans to reinstate the SCLP.

We will continue to monitor events as they unfold, and the dismissal is without prejudice in the event that the BOP reinstates the SCLP. For now, however, this action has achieved its main objectives – the return of religious materials to the chapel libraries and an end to the SCLP – and can be brought to a close.

---

[1] We have been notified by a religious organization ministering the inmate population that the materials that were removed at two facilities may have been destroyed or discarded, and that these materials were not returned. We have not been able to independently verify that information because the religious organization has declined to disclose the identity of the two facilities. Further, the BOP Central Office has indicated that it is not aware of any destruction of materials.

In any case, these instances would be the exception and not suitable for class litigation. Most importantly, the dismissal of this action is without prejudice and would not extinguish any claims that inmates in those facilities may have.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Laura T. Swain 3

       Accordingly, we request, with the consent of Defendants, that the Court endorse the enclosed joint Stipulation.

Respectfully submitted,

Solomon N. Klein

cc:    Hon. Frank Maas
       AUSA Brian Feldman